UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SAN JUANITA GARCIA,<br>Plaintiff<br><br>v.<br><br><br>PENN-AMERICA INSURANCE<br>COMPANY,<br>Defendant | § § § § § § § § § § § § § § § § | Civil Action No. <u>7:16-cv-142</u> |

## DEFENDANT'S NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Penn-America Insurance Company, (herein, "Defendant") hereby files this Notice of Removal from the County Court at Law No. 8 for Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division. In support of this Notice, Defendant respectfully shows as follows:

*Preliminary Statement*

1.  This lawsuit involves a dispute over Penn-America's handing of Plaintiff's insurance claims for damages to her property from a storm. Penn-America is not a citizen of

1

Texas. Accordingly, there is complete diversity between the parties, and as the amount in controversy exceeds $75,000, removal is proper in this case.

### *Procedural Background*

2. On March 1, 2016, Plaintiff filed an Original Petition styled *San Juanita Garcia v. Penn-America Insurance Company*, Cause No. CL-16-0884-H, in the County Court at Law No. 8 of Hidalgo County, Texas. Penn-America was served with the Original Petition through the Commissioner of Insurance on March 7, 2016.

3. This Notice of Removal has been filed within 30 days after receipt of the Petition as required by 28 U.S.C. § 1446(b).

### *Nature of the Suit*

4. This lawsuit involves a dispute over the handling of Plaintiff's insurance claim for damages to her property resulting from a storm. Plaintiff claims she is entitled to more than $100,000.00 for claims arising out of alleged damage to her property sustained as a result of an April 2015 hail/wind storm. The insured property is located within Hidalgo County, Texas, which is within the Southern District of Texas, McAllen Division. Plaintiff asserts causes of action for violations of the Texas Insurance Code against Defendant. Plaintiff seeks to recover general or special damages, including attorneys' fees, costs of court, and prejudgment and postjudgment interest. Defendant generally denies Plaintiff's claims.

5. The storm which allegedly damaged the Plaintiff's property occurred in or around April 2015. Plaintiff thereafter submitted a claim to Penn-America against the Policy covering her property.

6. Plaintiff alleges that Defendant was not diligent in investigating Plaintiff's loss and/or paying her claim.

### *Basis for Removal*

7. Removal of this action is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff San Juanita Garcia is an individual and a resident of Hidalgo County, Texas.

8. Penn-America is a Pennsylvania company with its principal place of business in Bala Cynyd, Pennsylvania. It is a wholly owned subsidiary of Penn America Group, Inc., a Pennsylvania corporation. Accordingly, Penn-America is domiciled in and a resident of Pennsylvania. *See Affidavit of Kate Wilkinson.*

9. There is complete diversity of citizenship between the parties.

10. This Court has original jurisdiction over this case because it is a suit between citizens/entities of different states, and Plaintiff claims to be entitled to damages in excess of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). *See Plaintiff's Original Petition seeking more than $100,000 but less than $200,000 in damages.*

### *The Removal is Procedurally Correct*

11. Penn-America was served with the Original Petition on March 7, 2016. Therefore, this Notice of Removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

12. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiff's claim allegedly occurred in this district.

13. Exhibit "A" to this Notice contains copies of all process and pleadings filed in the state court proceeding in Hidalgo County, Texas.

14. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the County Court for Hidalgo County, Texas and served upon Plaintiff through its counsel of record.

WHEREFORE, Defendants hereby requests that this action be removed from County Court No. 8 of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division, and that this Court enter such further orders as may be necessary and appropriate.

Dated March 28, 2016

Respectfully submitted,

/s/ Richard Kasson
RICHARD J. KASSON
State Bar No. 24002392
Southern District No. 21614
GONZALEZ, CHISCANO, ANGULO & KASSON, P.C.
613 N.W. Loop 410, Suite 800
San Antonio, Texas 78216
Phone: (210) 569-8500
Fax: (210) 569-8490
rkasson@gcaklaw.com

ATTORNEY FOR DEFENDANT PENN-AMERICA INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served on the following counsel of record by the court's electronic filing system and/or regular mail on March 28th, 2016:

Carlos Macias
Macias Law Firm
515 W. Pecan
McAllen, Texas 78501
Tel. (956) 630-1133
Fax (956) 630-3144

/s/ Richard Kasson
RICHARD J. KASSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SAN JUANITA GARCIA, **Plaintiff** | § § § | |
| v. | § § | Civil Action No. |
| PENN-AMERICA INSURANCE **Defendants** | § § § | |

### AFFIDAVIT OF KATE WILKINSON

STATE OF PENNSYLVANIA §
COUNTY OF Montgomery §
§

BEFORE ME, the undersigned authority, on this day personally appeared KATE WILKINSON, who, being by me duly sworn, deposed as follows:

"My name is KATE WILKINSON. I am over the age of eighteen (18) years, of sound mind, and competent to make this affidavit. I have never been convicted of a felony nor a misdemeanor involving moral turpitude. I am the Director of Claims for Global Indemnity Group, Inc., of which Penn-America Insurance Company is one of its subsidiary insurance companies, and I have personal knowledge of the facts herein stated and they are true and correct.

Penn-America Insurance Company is incorporated in Delaware with its principal place of business in Pennsylvania. Penn-America Insurance Company is not a citizen of Texas."

Further, Affiant sayeth naught.

SIGNED this 24th day of March, 2016.

_____
KATE WILKINSON
Director of Claims - Global Indemnity Group, Inc.

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this the ____ day of March, 2016, witness my hand and seal of office.

_____
Notary Public - State of Pennsylvania

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Joan Greco, Notary Public
Lower Merion Twp, Montgomery County
My commission expires November 15, 2019

Accepted by: Oscar Gonzalez

Electronically Submitted
3/1/2016 3:48:40 PM
Hidalgo County Clerks Office

CL-16-0884-H

CAUSE NO. _____

| | | |
|---|---|---|
| SAN JUANITA GARCIA, | § | IN THE COUNTY COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | AT LAW NO. __ |
| | § | |
| PENN-AMERICA INSURANCE | § | |
| COMPANY, | § | |
| *Defendant.* | § | HIDALGO COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION, DEMAND FOR JURY TRIAL, REQUESTS FOR DISCLOSURE, FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION**

COMES NOW, Plaintiff SAN JUANITA GARCIA (hereinafter sometimes referred to as "Plaintiff"), complaining of PENN-AMERICA INSURANCE COMPANY, Defendant herein, and files this Plaintiff's Original Petition, and for cause of action would respectfully show as follows:

I.

**DISCOVERY CONTROL PLAN LEVEL**

Plaintiff intends to conduct discovery under Rule 190 of the Texas Rules of Civil Procedure.

II.

**TRCP 47 STATEMENT**

Plaintiff seeks monetary over $100,000 but not more than $200,000.00.

III.

**PARTIES AND SERVICE**

Plaintiff is an individual who resides in Hidalgo County, Texas.

Defendant PENN-AMERICA INSURANCE COMPANY (hereinafter sometimes "PENN") is an insurance company authorized to do business in the State of Texas. Service of process may be effectuated by delivering a true and correct copy of the citation with a copy of the petition attached thereto via certified mail, restricted delivery, return receipt requested to Penn-America Insurance Company, 3 Bala Plaza East, Suite 300, Bala Cynwyd, Pennsylvania 19004, through the Commissioner of Insurance, Texas Department of Insurance, P.O. Box 149104, Austin, Texas 78714-9104. **Service of Citation is requested at this time.**

### IV.

### VENUE AND JURISDICTION

The subject matter in controversy is within the jurisdictional limits of this court.

Venue in Hidalgo County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county and the Plaintiff/policyholder resided in Hidalgo County, Texas at the time of the loss.

### V.

### FACTS

On or about April 24, 2015, Plaintiff's building at 7513 Clavel Drive, Mission, Texas was badly damaged by a wind and hail storm. At the time of the loss, Plaintiff's building and contents were insured by a policy of insurance by Defendant PENN-AMERICA INSURANCE COMPANY. The policy number is PAC7065704. All lawful terms of the insurance policy are plead and incorporated in by reference.

Thereafter, Plaintiff reported the loss and filed a claim with Defendant. The claim number is 15001849.

Thereafter, on May 13, 2015, an inspection was made on behalf of defendant by Mariposa Insurance Services. Based on their report, Defendant undervalued and underpaid Plaintiff's claim for damages. Specifically, Defendant paid $7,291.73, which does not compensate Plaintiff for damages sustained as a result of the April 2015 storm.

Thereafter, Plaintiff sought a second opinion as to the damage to her dwelling. An independent company inspected the premises and concluded there was wind storm damage to the exterior and interior of the dwelling in the amount of $105,789.74.

## VI.

### ACTION FOR BENEFITS UNDER THE POLICY

Plaintiff has complied with all conditions precedent to bringing an action for benefits under the policy issued by Defendant, yet Defendant has failed to make a reasonable effort to resolve her claim.

## VII.

### INSURANCE CODE VIOLATIONS

In violation of Chapter 541 of the Texas Insurance Code, Defendant has knowingly and intentionally engaged in unfair settlement practices with respect to this claim including, but not limited to, failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear; and refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

Further, Defendant violated Chapter 542 by requiring Plaintiff to institute this suit because of the denial of the claim.

## VIII.

### DAMAGES

Plaintiff claims damages to the exterior and interior of its dwelling in the amount of

$105,789.74 less any payments previously paid to Plaintiff by Defendant.

**Attorney Fees.** Plaintiff claims actual attorney fees pursuant to Chapter 541 of the Texas Insurance Code.

## IX.

## JURY DEMAND

Plaintiff demands a trial by jury in connection with its claims against Defendant and has paid the jury fees at the time of filing Plaintiff's Original Petition.

## X.

## REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(k).

## XI.

## INTERROGATORIES TO DEFENDANT

Plaintiff, pursuant to Tex. R. Civ. Procedure 196 and 197, propounds the following Interrogatories to Defendant. Defendant's response is due within fifty (50) days from the date of service thereof. Plaintiff also requests that Defendant continue to supplement Defendant's responses to these Interrogatories as provided for by the Rules.

**Interrogatory 1:** Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories and the responses to the requests for production.

**RESPONSE:**

**Interrogatory 2:** Describe each separate file containing records, documents, or information relating to Plaintiff's claims or Plaintiff. Include in your description for each file: name, number, descriptive title, custodian, contents and location.

**RESPONSE:**

**Interrogatory 3:**   Identify by name, employer (if different from defendant), business address, job title and telephone number of the individual who will be Defendant's in-court representative and in what capacity he will testify.

**RESPONSE:**

**Interrogatory 4:**   Identify by name, employer, business address, job title and telephone number and role of each of Defendant's employees, agents, representative, adjusters, independent adjusters, independent adjusting firms, consultants and any entity or individual acting under any oral or written agreement, who performed any claims work, participated in the evaluation of Plaintiff's claim, and/or claims services of any type or nature, with respect to the insurance claims involved in this litigation. Your answer should also include, but not be limited to, the identity of all of your employees who evaluated Plaintiff's claim, authorized settlement offers to be made to and/or made decisions regarding any adjuster's authority to settle Plaintiff's claim relating to insurance coverage provided to Plaintiff.

**RESPONSE:**

**Interrogatory 5:**   In accordance with TRCP 194.2(d) And 192.3(a), if you contest any of the damages claimed by Plaintiff under TRCP 192.4(d), please state, FOR EACH CATEGORY OF DAMAGES, the category of damages being contested, the amount for each category being contested, the reason the amount for each category is being contested, what you contend the correct dollar amount of damages for each category should be, and the method of calculating what you contend to be the correct dollar amount of damages.

**RESPONSE:**

**Interrogatory 6:**   State each and every factor which you now contend or will contend at trial caused or contributed to the Plaintiff's damages. If you contend that damages were caused by wear and tear, deterioration, improper installation and/or maintenance, please include in your answer how you reached this conclusion.

**RESPONSE:**

**Interrogatory 7:** State the procedures relied upon and the criteria utilized by Defendant in its investigation of Plaintiff's claim to evaluate and place a dollar value on the claim.

**RESPONSE:**

**Interrogatory 8:** Please list, describe and identify all documents that support any and all:

(a) condition(s) precedent to bringing this lawsuit against you that you contend Plaintiff has not met;

(b) any terms and conditions of the insurance agreement with which you contend Plaintiff did not comply; and

(c) affirmative defense(s) that you contend Plaintiff's claim was not asserted in a timely manner.

**RESPONSE:**

**Interrogatory 9:** Identify any recorded statements and/or examinations under oath that have been taken by Defendant or taken on Defendant's behalf, relating to this litigation or the claim which forms the basis of this lawsuit, including statements from any party or witness, and do the following:

(a) Identify the person who gave or made the statement.

(b) Specify the date when the statement was taken.

(c) Identify the person who took the statement.

(d) State whether the statement was recorded, regardless of medium (e.g., paper or electronic), and if so, identify the material.

(e) State whether defendant will, without a formal request to produce, attach a copy of all statements described in the answer to this interrogatory.

**RESPONSE:**

**Interrogatory 10:** If Defendant has asserted a defense of an intervening, superseding cause wholly unrelated to Defendant, please list each and every fact that supports such defense, including the date(s) and description of the intervening, superseding cause.

**RESPONSE:**

**Interrogatory 11:** If you assert that Plaintiff(s) neglected to save and preserve the property after the loss, please state all facts that support such affirmative defense.

**RESPONSE:**

**Interrogatory 12:** If you assert that Plaintiff(s) failed to keep the property in a good state of repair, please state all facts that support such affirmative defense.

**RESPONSE:**

**Interrogatory 13:** If you assert that Plaintiff(s) failed to maintain the dwelling and/or property, please state all facts that support such affirmative defense.

**RESPONSE:**

**Interrogatory 14:** If you assert that Plaintiff(s) failed to protect the property from further damage following a loss, please state all facts that support such affirmative defense.

**RESPONSE:**

**Interrogatory 15:** If you assert that Plaintiff(s) failed to mitigate his/her / their damages, please state all facts that support such affirmative defense.

**RESPONSE:**

## XII.

## REQUESTS FOR PRODUCTION TO DEFENDANT

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff requests that, within the time prescribed by law, Defendant produce and permit Plaintiff to inspect and copy the documents and things described in the requests below, and as instructed below. Plaintiff requests that Defendant produce the documents at MACIAS LAW FIRM, 515 W. Pecan, McAllen, Texas 78501.

1. Any and all pictures, drawings, photographs, motion pictures, drawings, charts, diagrams, measurements, videotapes or other documents concerning the events and happenings made the basis of this lawsuit that your adjustor, employee or anyone Defendant employed to evaluate Plaintiff's claim.

   **RESPONSE:**

2. A copy of the entire claims file and/or adjuster logs, including but not limited to, photographs, notes, memorandums, tables, computer generated information and other written documents contained therein, which were generated in connection with the damage to Plaintiff that forms the basis of the above-captioned lawsuit.

   **RESPONSE:**

3. Provide complete and unaltered copies of correspondence, memoranda, reports, e-mails, facsimile transmissions, and all other documents evidencing communications between Defendant and its: 1) adjusters; 2) employees; 3) officers; 4) agents; 5) representatives; 6) independent adjusters; and/or 7) independent adjusting firms, that relate or pertain to the insurance claim(s) involved in this litigation.

   **RESPONSE:**

4. Investigative reports relating to the claim in question, including documents, memoranda, photographs, videotapes, movies, statements, reports, drawings, communications, and tangible things attached to such reports, or referred to therein, which were generated or obtained by or on behalf of the Defendant before a reasonable person would have concluded from the circumstances that there was a substantial chance of litigation, or which were generated or obtained by or on behalf of the Defendant in the ordinary course of business.

   **RESPONSE:**

5. Please provide written or other documentation concerning factual observations, tests, supporting data, calculations, photographs and opinions of each consulting expert witness who will not be called to testify but whose opinions or impressions have been reviewed by an expert who may be called to testify, including but not limited to any reports prepared by or under the direction of such person, including any recording or transcripts thereof of any oral report.

   **RESPONSE:**

6.  Please produce all documents that support your contentions, affirmative defenses, and responses to any of the interrogatories to Defendant, including but not limited to Interrogatories No. 6, 8, 10, 11, 12, 13, 14, and 15.

**RESPONSE:**

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendant be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiff recovers judgment of and from the Defendant for the following:

1.  Damages in excess of the minimum jurisdictional limits of this court;
2.  Monetary relief over $100,000.00 but not more than $200,000.00;
3.  Attorney fees;
4.  Costs of court;
5.  Pre-judgment interest at the highest allowable legal rate;
6.  Post-judgment interest at the highest allowable legal rate; and
7.  Such other and further relief as the court may deem proper, in law or in law and in equity.

Respectfully submitted,
**MACIAS LAW FIRM**
515 W. Pecan
McAllen, Texas 78501
Tel. (956) 630-1133
Fax (956) 630-3144

By: /*Carlos Macias*/
_____
**Carlos Macias**
SBN: 24037012
Email: *maciaslawoffice@yahoo.com*
***Attorneys for Plaintiff***

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SAN JUANITA GARCIA

**DEFENDANTS**
Penn-America Insurance Company

(b) County of Residence of First Listed Plaintiff: **Hidalgo County, Texas**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Montgomery County, PA**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Carlos Macias
Macias Law Firm
515 W. Pecan, McAllen, Texas 78501

Attorneys *(If Known)*
Richard J. Kasson
Gonzalez, Chiscano, Angulo & Kasson, PC
613 NW Loop 410, Suite 800, San Antonio, Texas 78216

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1441 and 1446

Brief description of cause:
Insurance Coverage

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
More than $100,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 03/28/2016

SIGNATURE OF ATTORNEY OF RECORD
/s/Richard J. Kasson

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____